# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY GAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:20-CV-1343 RLW |
| v. ) | |
| ) | |
| KURT L. LORECK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This removed diversity matter is before the Court on Defendant Kurt L. Loreck's Motion for Expedited Discovery on the Issue of Arbitration and to Stay All Other Discovery (ECF No. 14) pursuant to Rule 26(d)(1), Federal Rules of Civil Procedure. In the Petition, Plaintiff Timothy Gay alleges that Defendant, his former manager at Wells Fargo, pressured Plaintiff in June 2019 to sign Defendant's wife's name on a document related to Defendant's purchase of a home in Colorado. (ECF No. 4 at 1-2.) Plaintiff did not want to do this and was concerned it could result in the termination of his employment, but Defendant insisted and promised nothing negative would happen to Plaintiff's employment. (Id. at 2.) Wells Fargo investigated the matter and during the investigation Defendant admitted to several people that all culpability was his and again assured Plaintiff no negative repercussions would come to him from it. (Id.) Defendant also assured Plaintiff that "if anything was not OK, Defendant would compensate Plaintiff for the damages he sustained." (Id. at 3.) Plaintiff alleges he was terminated from Wells Fargo in November 2019 as a result of Defendant's unlawful actions. (Id.) The Petition asserts state law claims against Defendant for tortious interference with contract, fraudulent misrepresentation, and negligence.

Defendant's Answer asserts seventeen affirmative defenses. (ECF No. 6 at 5-10.) Defendant's second affirmative defense is that Plaintiff's claims are subject to mandatory arbitration pursuant to the Federal Arbitration Act and Rule 13200(a) of the Federal Industry Regulatory Authority ("FINRA") Code of Arbitration Procedure governing Industry Disputes. (Id. at 5-6.)

Defendant asserts in the Motion that it is necessary to pursue expedited discovery on the issue of the arbitrability of this dispute, and asks the Court to preclude all other discovery at this time so the issue of arbitration can be decided prior to litigation related to the merits of the dispute. Defendant asserts on information and belief that Plaintiff through his employment with Wells Fargo agreed to be bound by FINRA, which includes mandatory arbitration of disputes arising out of the business activities of a member or associated person with FINRA. Defendant seeks expedited discovery to prove the existence of such an agreement to support an anticipated motion to compel arbitration.

Plaintiff Timothy Gay responds that he does not object to expediting discovery as to issues relating to any agreement requiring him to arbitrate this dispute, and agrees to authorize an employment records release with Wells Fargo for that issue. He opposes the stay of all other discovery, stating that he lost his livelihood in November 2019 and this lawsuit aims to make him whole and should not be unnecessarily delayed. Plaintiff submits a Declaration signed pursuant to 28 U.S.C. § 1746 averring that while he worked for Wells Fargo he was not registered with FINRA and that he has never entered into an agreement to arbitrate disputes with Defendant. (ECF No. 16-1.)

Defendant replies that Plaintiff was an "associated person" under FINRA, and all remaining discovery should be stayed so the parties can discover facts relevant to and the Court

can then determine the question of whether this dispute must be arbitrated. Defendant asserts that arbitration is a favored means to avoid the expense and delay of traditional litigation, but requiring the parties to engage in traditional litigation prior to resolution of the threshold issue of arbitration would deprive him of the benefits of arbitration and would force him to engage in acts that have been construed as waiving a right to arbitrate. Defendant also states that the parties have mutually agreed to a release of employment records from Wells Fargo and are working together to accomplish this through the execution of authorizations for a release of records, which "may prove to be dispositive of this issue and is expected to occur in short order." (ECF No. 17 at 2.) Defendant asks that the Rule 16 conference be continued and set for a date and time sufficient to permit the parties to avoid initial disclosures under Rule 26.

Defendant's Motion will be granted pursuant to Rule 26(d)(1) to the extent the parties may engage in expedited discovery prior to the Rule 16 conference, but will be denied as to a stay of other discovery and delay of the Rule 16 conference. As Defendant states, the parties are in the process of obtaining records from Wells Fargo that he expects may be dispositive of whether FINRA arbitration rules apply to Plaintiff's claims and these records are expected shortly. If Plaintiff's claims are subject to FINRA arbitration rules, Defendant should not have to engage in significant discovery before he can obtain the records he needs to file a motion to compel arbitration. In the meantime, Defendant's assertions concerning the potential application of FINRA arbitration rules to Plaintiff's claims are not so compelling that the Court is persuaded Plaintiff should be deprived of the opportunity to engage in discovery, or that the parties should not provide Rule 26 initial disclosures.

Defendant's forced waiver argument is also unconvincing. "Because of the strong federal policy in favor of arbitration, 'any doubts concerning waiver of arbitrability should be resolved in

favor of arbitration.'"  Messina v. N. Cent. Distrib., Inc., 821 F.3d 1047, 1050 (8th Cir. 2016) (quoting Lewallen v. Green Tree Servicing, LLC, 487 F.3d 1085, 1090 (8th Cir. 2007)).  "A party acts inconsistently with its right to arbitrate if it 'substantially invokes the litigation machinery before asserting its arbitration right, . . . when, for example, it files a lawsuit on arbitrable claims, engages in extensive discovery, or fails to move to compel arbitration and stay litigation in a timely manner.'"  Id. (quoting Lewallen, 487 F.3d at 1090).  There will be no waiver here provided Defendant timely files a motion to compel arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Expedited Discovery on the Issue of Arbitration and to Stay All Other Discovery (ECF No. 14) is **GRANTED** to the extent that the parties may commence discovery immediately and is **DENIED** in all other respects.

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 2nd day of November, 2020.